| | |
|---|---|
| FDIC as Receiver for Ameribank, Inc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| BRISTOL HOME MORTGAGE LENDING, | ) |
| LLC, a Florida Limited Liability Company, | ) |
| and HARVEY KOPELOWITZ, | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| BRISTOL HOME MORTGAGE LENDING, | ) |
| LLC, a Florida Limited Liability Company, | ) |
| and HARVEY KOPELOWITZ, | ) |
| | ) |
|     Counter-Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | ) |
| FDIC as Receiver for Ameribank, Inc., | ) |
| | ) |
|     Counter-Defendant. | ) |
| | / |

## **MOTION TO DISMISS COUNTERCLAIM**

COMES NOW the Counter-Defendant, FDIC as Receiver for Ameribank, Inc. (also referred to as "FDIC"), by and through its undersigned counsel, and hereby files this Motion to Dismiss Counterclaim filed by Counter-Plaintiffs, BRISTOL HOME MORTGAGE LENDING, LLC, a Florida Limited Liability Company ("BRISTOL") and HARVEY KOPELOWITZ ("KOPELOWITZ"), and as grounds therefore would state:

1.     On or about June 24, 2008, Ameribank, Inc. ("Ameribank"), filed its Complaint against BRISTOL and KOPELOWITZ in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida under Case No.: 502008CA018933XXXXMBAB (DE #1).

2.     On or about September 19, 2008, Ameribank was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver. The FDIC accepted its appointment as Receiver for Ameribank on September 19, 2008.

3.     On December 16, 2008, the State Court entered an Agreed Order whereby the FDIC was substituted as Receiver for Ameribank and the Court granted the issuance of a stay. Thereafter, on December 18, 2008, the subject action was removed to Federal Court pursuant to 12 U.S.C. §1819(b)(2)(B) and 28 U.S.C. §1441.

4.     On or about February 3, 2009, Defendants, BRISTOL and KOPELOWITZ filed their Answer, Affirmative Defenses and Counterclaim against FDIC in the above captioned action [DE 15]. Both BRISTOL and KOPELOWITZ have therefore brought affirmative claims against the FDIC as Receiver for Ameribank, notwithstanding the exhaustion of remedies requirement contained within 12 U.S.C. §1821(d)(13)(D) under the subheading titled "Powers and Duties of Corporation as Conservator or Receiver."

## STANDARD OF REVIEW

5.     A motion to dismiss a complaint for failure to state a claim requires that a court accept the facts pleaded as true and construe them in the light most favorable to the plaintiff. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness, 711 F.2d 989, 994-95 (11th Cir. 1983). *Federal Rule of Civil Procedure* 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . ." Bell Atlantic Corp. v. Twombly,

127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson,</u> 355 U.S. 41, 47 (1957)). Nevertheless, "[w]hile a complaint attached by a *Rule 12(b)(6)* motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." <u>Twombly</u> at 1964-65. A complaint's factual allegations must be enough to raise a right to relief above the speculative level." <u>Indulgence Yacht Charters, LTD v. Ardell, Inc.,</u> LEXIS 80832 (S.D. Fla. 2008) <u>citing</u> <u>Davis v. Coca-Cola Bottling Co. Consol.,</u> 516 F.3d 955, 974 (11th Cir. 2008).

## **MEMORANDUM OF LAW**

6. Pursuant to 12 U.S.C. §1821(d)(13)(D), which places a limitation on judicial review following the FDIC's appointment as receiver, it states:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of the depository institution for which the corporation has been appointed receiver, including assets which the corporation may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution or the corporation as receiver.

7. There is consensus among the circuits that all claims that fall into these categories are subject to the exhaustion requirement whether they are asserted as initial claims or as counterclaims. <u>American First Federal, Inc. v. Lake Forest Park, Inc.,</u> 198 F.3d 1259, 1264 (11th Cir. 1999) *citing* <u>RTC v. Midwest Federal Savings Bank of Minot,</u> 36 F.3d 785, 791 (9th Cir. 1993) (We agree … with other courts that §1821(d)(13)(D) divests the District Courts of jurisdiction over both claims and counterclaims against the RTC until the claimants have exhausted the administrative procedures created by FIRREA).

8. Under the Financial Institution's Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), the Resolution Trust Corporation ("RTC") has the same powers and rights as the FDIC under 12 U.S.C. §§1821-23. Resolution Trust Corporation v. Homer Youngblood, 807 F.Supp 765 (N.D. Georgia 1992).

9. On December 19, 2008, one (1) day after removing the instant action to Federal Court, Defendant BRISTOL and KOPELOWITZ (in response to a notice sent to them by the FDIC), forwarded their Proof of Claim to the FDIC as Receiver for Ameribank, requesting $39,509,173.81 as a result of three (3) separate claims which it alleges for breach of contract/lender liability, a yield spread claim and funds on account. A copy of Defendant/Counter-Plaintiff's Proof of Claim is attached hereto as **Exhibit "A."**

10. The Proof of Claim also references "Set-offs, Counterclaims or Defenses" relative to the claims being asserted by the FDIC. Contained under this subheading on page four of its Proof of Claim is BRISTOL and KOPELOWITZ'S demand for affirmative relief wherein it requests that FDIC, as Receiver for Ameribank accept title to the collateral securing the line of credit loan in satisfaction of any claims alleged therein.

11. The Counterclaim filed by BRISTOL and KOPELOWITZ on or about February 3, 2009, seeking both damages and an accounting was clearly filed without exhausting the administrative remedies mandated by 12 U.S.C. §1821(d)(13)(D).

12. As the Third Circuit has phrased it, the plain language of [12 U.S.C. §1821(d)(13)(D)] divests the District Court of jurisdiction over requests for relief which can be characterized as:

(i). Claims for payments from assets of any depository institution for which the RTC has been appointed receiver;

(ii).    Actions for payment from assets of such depository institution;

(iii).    Actions seeking a determination of rights with respect to the assets of such depository institutions; and

(iv).    A claim relating to any act or omission of such institution or the RTC as receiver.

American First Federal, Inc. v. Lake Forest Park, Inc., 198 F.3d 1259 (11th Cir. 1999) *citing* National Union Fire Insurance v. City Savings, 28 F.3d 376, 393 (3rd Cir. 1994).

13.    BRISTOL and KOPELOWITZ'S Counterclaim clearly falls within the ambit of items numbers i, ii, iii and iv above, and therefore within the mandates of the statute requiring the exhaustion of remedies through the statutory administrative review process. As a result of BRISTOL and KOPELOWITZ'S failure to properly satisfy this jurisdictional requirement as a condition precedent to filing suit, their counterclaim must be dismissed.

14.    Alternatively, BRISTOL and KOPELOWITZ'S Counterclaim must also be dismissed for failure to state a cause of action upon which relief may be granted.

15.    More specifically, both BRISTOL and KOPELOWITZ have attempted to combine a claim for an equitable accounting and an action at law for damages exceeding $75,000.00 within Paragraph 1 of their Counterclaim.

16.    Within said Counterclaim, both BRISTOL and KOPELOWITZ fail to allege any basis for their claim for damages, but appear only to have alleged that such damages are in excess of the jurisdictional requirement of $75,000.00. Outside of its initial demand within Paragraph 1 of their Counterclaim, no further allegations relevant to damages have been alleged by Defendants/Counter-Plaintiffs, including any allegations upon which the FDIC could properly form a response thereto.

17. With regard to BRISTOL and KOPELOWITZ'S claim for an accounting, Plaintiff, FDIC asserts that simple discovery in this action will be able to evidence the precise amounts due and owing by BRISTOL and KOPELOWITZ under the Modified Note and Guaranty. Defendants/Counter-Plaintiffs have attempted to confuse this Court by suggesting that as a result of Ameribank's insolvency and receivership, the circumstances surrounding the various business agreements have now become more complex. To the contrary, Ameribank's insolvency has had no bearing upon the amounts due and owing from Defendants, as the Modified Note, Guaranty and other loan documents are clear and concise.

18. Defendants have failed to raise any issue of fact or ambiguity within the loan documents that would require an accounting, and Plaintiff finds this as merely an attempt to further hinder and delay this matter. American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1071 (11th Cir. 2007) (under Florida law, a party that seeks an equitable accounting must show that: 1) the parties share a fiduciary relationship or that the questioned transactions are complex, and 2) a remedy at law is inadequate); See also, Bankers Trust Realty, Inc. v. Kluger, 672 So.2d 897, 898 (Fla. 3d DCA 1996) (to state a claim for an equitable accounting, a plaintiff must allege that the contract demands between litigants involve extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity).

19. Within Paragraph 7 of their Counterclaim, Defendants, BRISTOL and KOPELOWITZ allege "complexity of the circumstances surrounding the various business agreements" but fail to provide any basis for such conclusory allegations. As there is no dispute relative to the subject loan documents, and given the lack of any complex issues contained therein, Defendants/Counter-Plaintiffs' claim for an accounting must also be dismissed.

WHEREFORE, Plaintiff, FDIC as Receiver for Ameribank, Inc., respectfully requests that this Honorable Court enter an order dismissing Defendants, BRISTOL HOME MORTGAGE LENDING, LLC and HARVEY KOPELOWITZ'S Counterclaim for the reasons aforestated, together with any further relief that this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH GEN RULE 7.1(A)(3) S.D.FLA.L.R.

**I HEREBY CERTIFY** that counsel for the movant has or will confer with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20 day of February, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Brian R. Kopelowitz, Esquire
200 SW 1st Avenue, 12th Floor
Fort Lauderdale, FL 33301
Phone: 954-525-4100 * Fax: 954-525-4300
Email: kopelowitz@tkolaw.com
Attorney for Defendant

WARD, DAMON & POSNER, P. A.
Attorney for Plaintiff
4420 Beacon Circle, Suite 100
West Palm Beach, FL 33407
Tel: (561) 842-3000
Fax: (561) 842-3626
Email: rcopple@warddamon.com

By: _____
Ryan S. Copple, Esquire
Florida Bar No.: 152269

S:\users\1 LITIGATION\Ameribank\Bristol-Kopelowitz ( LOC) (018933)(81536)\Federal Case\Federal - Pleadings\M-Dismiss Counterclaim.doc

December 19, 2008

VIA FEDERAL EXPRESS:

FDIC as Receiver of Ameribank
1601 Bryan Street
Dallas Texas, 75201
Attention: Jeffry Quick

10014 –AMERIBANK, INC
NOTICE TO CREDITOR PROOF OF CLAIM
BRISTOL HOME MORTGAGE LENDING, LLC
HARVEY KOPELOWITZ

Dear Mr. Quick:

In furtherance of the Notice forwarded by your offices, enclosed are Proofs of Claim filed in connection with the above proceeding on behalf of the above claimants. .

We have been trying to get in touch with legal counsel at the FDIC to discuss these matters at greater length. We realize that our unsecured claims are not likely to be satisfied given the status of the bank. We are more concerned, frankly, that we use this opportunity to resolve the outstanding loan on the bank's books owed by Bristol. Towards that end we would like to demonstrate the financial condition of the company (it is out of business due to Ameribank's defaults as stated in the claim) and arrange for the transfer of the real estate collateral securing the bank's loan in satisfaction of the loan, before these properties deteriorate further, so that we can put this nightmare behind us.

Perhaps you or some appropriate party can contact the undersigned to accomplish this.

Very truly yours,

Bristol Home Mortgage Lending, LLC

By:_____

EXHIBIT
"A"

Federal Deposit Insurance Corporation as Receiver for:
10014 – AMERIBANK, INC. NORTHFORK, WV
(Name of Bank/Financial Institution and Location)

## PROOF OF CLAIM

SSN/Tax ID # (1) _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_

The undersigned, (2) _Harvey Kopelowitz_
(Name of person making the claim)

says that the AMERIBANK, INC. _____ now in liquidation is
(Name of Bank/Financial Institution)

justly indebted to (3) Harvey Kopelowitz _____ in the sum of

(4) _39,508,173.81 (Thirty Nine Million Five Hundred Nine Thousand One Hundred Seventy Three (81/100))_ Dollars upon the following Claim:

| | Description of (Invoice) claim: | Liability Number | Amount of Claim |
|---|---|---|---|
| C<br>L<br>A<br>I<br>M<br>S | (5)<br><br>_See Addendum_ | 500001021-000 | _37,500,000_<br>_2,000,000_<br>_09,173.81_ |
| | | Total Claim:(6) | _39,509,173.81_ |

The undersigned further states that he/she makes this claim on behalf of

(7) Harvey Kopelowitz

that no part of said debt has been paid, that

(8) Harvey Kopelowitz
(Individual/Joint/Corporation/Partnership/Firm/Agency)

has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or

counterclaim, or other legal or equitable defense to said claim or any part thereof.

NAME (9) _____
(Signature of Person making the Claim)                     (Title)

FIRM _____
(If applicable)

ADDRESS (10) _2208 W Palmetto Pone Rd_

CITY/STATE/ZIP _Boca Raton Fl 37433_

TELEPHONE NUMBER _561 239-8700_

The penalty for knowingly making or inviting reliance of any false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than thirty years, or both (18 U.S.C. Section 1007).

RLS7212

3

December 12, 2008

Addendum to Proof of Claim – FDIC as Receiver for 10014 - Ameribank, Inc.

Creditor: Harvey Kopelowitz

This Addendum to Proof of Claim shall supplement and be deemed a part of the Proof of Claim of Creditor against Ameribank, Inc. ("Bank") to which this Addendum is attached. Creditor, as a member of Bristol Home Mortgage Lending, LLC, asserts his interest in the claims being filed simultaneously herewith by Bristol Home Mortgage Company, LLC.

| Claim #1 : | Breach of Contract, Lender Liability, Etc. | $37,500,000.00 |

A.    Bristol Home Mortgage Lending, LLC ("Company") and Bank entered into a Sales and Servicing Agreement dated May, 19, 2004 as amended from time to time (the "Agreement"). The Agreement called for the Bank to purchase CRA Loans from Company which met a certain underwriting criteria and called for Company to service these CRA Loans when purchased on behalf of the Bank, with the Company to retain a yield spread premium as and when collected on these loans. The Bank, apparently as a result of being sanctioned by the OTS for actions in violation of their policy and applicable rules ("Policies"), wrongfully terminated the Agreement commencing on or about May 1, 2007 and continuously thereafter, by reducing and ultimately ceasing to purchase CRA Loans from Company and by terminating the servicing of the CRA Loans previously purchased, resulting in the loss of revenues to the Company and the termination by third party lenders and investors of their commitment to finance CRA Loans and to purchase a majority interest in the Company. The Bank's acts and omissions, despite notices to the Bank of their wrongdoing, were the direct cause for the failure of the Company.

Claim is also being made hereby against the Bank, and its officers and directors, for acts of lender liability and negligence, stemming from misrepresentations and negligent acts and omissions by the Bank for failing to abide by its Policies or advising Company of same; for encouraging the Company, as its "partner", to expand its operations to provide more CRA Loans for purchase by the Bank; for its assurances that the Bank would continue to purchase all CRA Loans which Company could offer in accordance with the terms of the Agreement. A letter addressed to Jim Sutton, Chairman of Bank, dated August 11, 2008, in response to a legal proceeding initiated by Bank against the Company, and setting forth some of these claims and the circumstances surrounding same, is attached hereto and made a part hereof.

The Company seeks to recover as damages for these claims, the value of the failed Company. The was established at $37,500,000 by the Chairman of the Bank in his letter of January, 2007 when he offered to acquire an 80% interest in the Company 3 months before Bank wrongfully terminated the Agreement.

December 12, 2008

**Addendum to Proof of Claim – FDIC as Receiver for 10014 - Ameribank, Inc.**

**Claim #2 :   Yield Spread Claim**                                    **$2,000,000.00**

Under the terms of the Agreement, Company was to service the CRA Loans sold to Bank and retain a portion of the interest collected thereon (the "yield spread premium"), Bank wrongfully terminated the Agreement and ceased to pay Company its yield spread premium. Bank has failed to account to Company for the yield spread premium due Company on these serviced loans. This claim is based upon an estimate of the amount of yield spread premium that may have been collected on the approximately $70,000,000 in loans which Company had been servicing when Bank wrongfully terminated the Agreement. Company maintains that Bank was negligent in proceeding with the servicing of these CRA Loans reducing any yield spread premium due Company. An accounting and a review of the Bank's servicing of these CRA Loans to determine the amounts collected and due Company, as well as the damages due Company for Bank's failure to properly service these CRA Loans, shall be necessary to determine the scope of this claim. A letter from bankruptcy counsel for the Company dated October 7, 2007, seeking to resolve this claim and all other matters, is attached hereto and made a part hereof.

**Claim #3    Funds on Account**                                    **9,173.81**

Bank has frozen proceeds in an account maintained at Bank by Klear Title for the activities of Company, in the sum of $9,173.81 and has refused to disburse these funds. A copy of a bank statement from a successor bank for this account is attached hereto and made a part hereof.

**Total Claims:**                                    **$39,509,173.81**

**Set-offs, Counterclaims or Defenses:**

Bank has filed suits in the Circuit Court of Palm Beach County, Florida against Company and Harvey Kopelowitz ("Pending Suits"). Claims alleged in these Pending Suits may constitute set-offs, counterclaims or other legal or equitable defenses to the subject claim or any part thereof. The Pending Suits, in part, seek payment for a line of credit loan and an accounting. Company proposes that Bank accept title to the collateral securing the line of credit loan in satisfaction of any claims alleged under the Pending Suits.

_____

Harvey Kopelowitz