IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81536-CIV-COHN-SELTZER

FDIC as Receiver for Ameribank, Inc., )
)
    Plaintiff, )
)
-vs- )
)
BRISTOL HOME MORTGAGE LENDING, )
LLC., a Florida Limited Liability Company, )
and HARVEY KOPELOWITZ, )
)
    Defendants. )
_____)
BRISTOL HOME MORTGAGE LENDING, )
LLC, a Florida Limited Liability Company, )
and HARVEY KOPELOWITZ, )
)
    Counter-Plaintiffs, )
)
-vs- )
)
FDIC as Receiver for Ameribank, Inc., )
)
    Counter-Defendant. )
_____/

## FDIC'S REPLY TO DEFENDANTS, BRISTOL HOME MORTGAGE LENDING, LLC AND HARVEY KOPELOWITZ'S RESPONSES TO FDIC'S MOTION TO DISMISS COUNTERCLAIM AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

COMES NOW the Plaintiff, FDIC as Receiver for Ameribank, Inc., ("FDIC"), by and through its undersigned counsel, and hereby files its Reply to Defendants, BRISTOL HOME MORTGAGE LENDING, LLC and HARVEY KOPELOWITZ'S ("Defendants") Responses to FDIC'S Motion to Dismiss Counterclaim and Motion to Strike Affirmative Defenses, and in response thereto hereby states:

## REPLY TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

1. An Agreed Order [DE #31] was entered by this Court on April 15, 2009, granting Plaintiff's Motion to Strike Affirmative Defenses and providing Defendants up through and including April 27, 2009 to prepare an amendment to same. As such, no response is necessary.

## REPLY TO MOTION TO DISMISS COUNTERCLAIM

### *Memorandum of Law*

2. In response to Plaintiff, FDIC'S Motion to Dismiss Counterclaim, Defendants request that this Court stay its Counterclaim while the administrative review process available to the FDIC takes place, pursuant to authority which they claim supports such position. Defendants cite Simms v. Biondo, 785 F.Supp. 322 (E.D.N.Y. 1992), which not only fails to support their request for a stay, but actually contradicts their position.

3. In Simms, a case out of the Eastern District of New York, the court permitted a stay of the pending lawsuit against the RTC for a maximum of 180 days or until such time the RTC rendered its administrative claims decision, whichever came first. *See* Simms at 324. The Court based such decision upon the provisions of §1821(d), which "[did] not entirely strip a court of subject matter jurisdiction **over pre-receivership lawsuits after a plaintiff files the requisite administrative claim with the RTC.**" (emphasis added) However, the Simms Court clearly distinguishes lawsuits filed against a depository institution prior to the RTC (and in the instant case, FDIC) taking over as receiver as opposed to those following such receivership. *See* Simms at 324. (wherein plaintiffs concede the validity of the RTC's interpretation of §1821(d)(13)(D) when a claimant files suit originally against the RTC as receiver, but distinguish it from a suit filed in a court against a depository institution which is subsequently placed under the receivership of the RTC during the course of litigation)

4. Furthermore, Simms expressly points out a number of cases in other jurisdictions which distinguish between lawsuits against depository institution assets commenced prior to and after the RTC receivership. *See* Simms at 325. One of the decisions cited in Simms is Costin v. Gold Coast Graphics, Inc., 782 F. Supp. 1532, 1535 (S.D. Fla. 1991), which further contradicts Defendants' position, and states, in pertinent part:

## Actions Brought After the FDIC's Appointment

If no lawsuit had been filed prior to the FDIC's appointment and the claimant *initially* files a claim with the FDIC, the FDIC is completely insulated from judicial interference with the ongoing administrative review process and no district court can acquire any jurisdiction over the claim. See e.g., Circle Indus. V. City Fed. Sav. Bank, 749 F. Supp. 447, 451 (E.D.N.Y. 1990), *aff'd*, 991 F.2d 7 (2nd Cir. 1991); Yumukoglu v. Resolution Trust Corp., CIV. A No. 91-0002, 1991 WL 68322 (E.D. La. 1991). If the FDIC disallows the claim, the claimant is entitled to essentially begin again in the district court, unhindered by the FDIC's disallowance. 12 U.S.C. §1821(d)(6)(A).

5. In the instant action, the FDIC was appointed as receiver of Ameribank, Inc. on September 19, 2008 and was substituted in as the real party in interest in the state court action via agreed order on December 16, 2008.

6. Thereafter, the state court Action against Defendants was removed to this Court on December 18, 2008 pursuant to 12 U.S.C. §1819(b)(2)(B).

7. On December 19, 2008, Defendants forwarded their proof of claim to the FDIC under its administrative review procedures.

8. Notwithstanding there being no decision rendered by the FDIC on Defendants administrative claim (nor has a decision been made by the FDIC at the time of filing this Reply), Defendants on February 3, 2009, filed their counterclaim in the above matter against the FDIC.

9. Pursuant to the authority cited in Costin v. Gold Coast Graphics, Inc., the FDIC is completely insulated from judicial interference with its ongoing review process, and until such process has concluded, Defendants' counterclaims must be dismissed for lack of subject matter jurisdiction.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this __17__ day of April, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Brian R. Kopelowitz, Esquire
200 SW 1st Avenue, 12th Floor
Fort Lauderdale, FL 33301
Phone: 954-525-4100 * Fax: 954-525-4300
Email: kopelowitz@tkolaw.com
Attorney for Defendants

                    WARD, DAMON & POSNER, P. A.
                    Attorney for Plaintiff
                    4420 Beacon Circle, Suite 100
                    West Palm Beach, FL 33407
                    Tel:   (561) 842-3000
                    Fax:  (561) 842-3626
                    Email:  rcopple@warddamon.com

                    By: _____
                          Ryan S. Copple, Esquire
                          Florida Bar No.: 152269