UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81536-CIV-COHN/SELTZER

FDIC, as Receiver for Ameribank, Inc.,

        Plaintiff,

vs.

BRISTOL HOME MORTGAGE LENDING, LLC,
a Florida Limited Liability Company, and
HARVEY KOPELOWITZ,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

**THIS CAUSE** is before the Court on Plaintiff's Motion to Dismiss Counterclaim [DE 16]. The Court has considered the Motion and the exhibits thereto, Defendants Bristol Home Mortgage Lending, LLC and Harvey Kopelowitz's Response [DE 28], Plaintiff's Reply [DE 32], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

The Motion to Dismiss Counterclaim, filed by the Federal Deposit Insurance Corporation, as Receiver for Ameribank, Inc. ("FDIC"), argues that the Court should dismiss the counterclaim raised in Defendants' Answer & Affirmative Defenses & Counterclaim [DE 15] for lack of subject matter jurisdiction. In particular, FDIC argues that 12 U.S.C. § 1821(d)(13)(D) divests the Court of jurisdiction over Defendants' counterclaim. FDIC asserts that § 1821(d)(13)(D) requires that prior to filing the claim in federal court, a party seeking to bring a claim against the FDIC must exhaust the remedies provided by the administrative review process.

Defendants acknowledge that § 1821(d)(13)(D) impacts the Court's jurisdiction over the counterclaim, but argue that the Court has the discretion to stay the proceeding during the administrative review process rather than to dismiss the claim.

## II. ANALYSIS

In general, Federal courts do not have jurisdiction over

> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such [depository] institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D). This general rule, however, appears to be inconsistent with § 1821(d)(5)(F)(ii), which indicates that the Court is not deprived jurisdiction over claims against the FDIC which are filed before the FDIC was appointed as receiver. See 12 U.S.C. § 1821(d)(5)(F)(ii) ("the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver"); see also Coston v. Gold Coast Graphics, Inc., 782 F. Supp. 1532, 1535 (S.D. Fla. 1992) ("The term 'continue' implies that a party is proceeding forward in an ongoing case without interruption in the court's jurisdiction. A claimant could not 'continue' an action over which the court has been deprived of subject matter jurisdiction."); Simms v. Biondo, 785 F. Supp. 322, 324-25 (E.D.N.Y. 1992) (noting that § 1821(d) distinguishes between pre-receivership claims, claims filed prior to the appointment of a receiver, and post-receivership claims, claims filed after the appointment of a receiver).

Accordingly, if a "claimant filed [a claim against a party] *prior* to the FDIC's appointment as receiver [for such party], the court does not technically lose jurisdiction."

Coston, 782 F. Supp. 1532, 1536 (emphasis in original). In such cases, "the claimant may fully 'continue' its lawsuit after disallowance[;]" however, the court must stay the proceeding and is prohibited from taking action that interferes with the administrative review process. Id. On the other hand, when claimant has *not* filed a claim against a party prior to the FDIC's appointment as receiver for such party, "and the claimant *initially* files a claim with the FDIC," the court does not have subject matter jurisdiction over the claim. Id. at 1535 ("the FDIC is completely insulated from judicial interference with the ongoing administrative review process and no district court can acquire any jurisdiction over the claim"). "'Congress has determined that [the] administrative procedures are the most efficient way to resolve the . . . claims with which a receiver might be confronted[,]'" id. at 1536 (quoting Tuxedo Beach Club Corp. v. City Federal Savings Bank, 737 F. Supp. 18, 20 (D.N.J. 1990)), and only after a claimant has exhausted these "streamlined administrative procedures" will a claimant have the choice to bring a claim in the district court. Id.[1]

Defendants' counterclaim in this case is one which is governed by § 1821(d)(13)(D) as it is a "claim[ ] for payment from assets of [Ameribank, Inc.] for which [FDIC] has been appointed Receiver." American First Federal, Inc. v. Lake Forest Park, Inc., 198 F.3d 1259, 1263 (11th Cir. 1999) (quoting National Union Fire Insurance v. City Savings, 28 F.3d 376, 393 (3rd Cir. 1994)). Consequently, the general rule of § 1821(d)(13)(D), which deprives federal courts of subject matter jurisdiction over such claims applies.

---

[1] "If the FDIC disallows the claim, the claimant is entitled to essentially begin again in the district court, unhindered by the FDIC's disallowance." Coston, 782 F. Supp. at 1535 (citing 12 U.S.C. § 1821(d)(6)(A)).

Defendants, relying on Coston and Simms, argue that the Court should stay the proceeding as opposed to dismissing the counterclaim. However, both Coston and Simms distinguish between pre-receivership claims, for which the proceeding may be stayed, and post-receivership claims, which must be dismissed for the court's lack of subject matter jurisdiction. In this case, FDIC was appointed as receiver for Ameribank on September 19, 2008. On December 19, 2008, Defendants forwarded a proof of claim to the FDIC under the FDIC's administrative review procedure. That claim forms the substance of Defendants' counterclaim, which was filed in this action on February 3, 2009. Accordingly, Defendants' counterclaim was not filed prior to FDIC's appointment as receiver for Ameribank, Inc. and the Court does not have subject matter jurisdiction over the counterclaim.

## III. CONCLUSION

In light of the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Counterclaim [DE 16] is **GRANTED**. Defendants' counterclaim is **DISMISSED without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 31st day of May, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

4